UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

STEPHEN ALLEN CRUVER,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

19-CV-399
DECISION & ORDER

---

On March 26, 2019, the plaintiff, Stephen Allen Cruver, brought this action under the Social Security Act. He seeks review of the determination by the Commissioner of Social Security ("Commissioner") that he was not disabled. Docket Item 1. On October 18, 2019, Cruver moved for judgment on the pleadings, Docket Item 9; on January 15, 2020, the Commissioner responded and cross-moved for judgment on the pleadings, Docket Item 13; and on February 5, 2020, Cruver replied, Docket Item 14.

For the reasons stated below, this Court grants Cruver's motion in part and denies the Commissioner's cross-motion.[1]

## STANDARD OF REVIEW

"The scope of review of a disability determination . . . involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). The court "must first decide whether [the Commissioner] applied the correct legal principles in making the

---

[1] This Court assumes familiarity with the underlying facts, the procedural history, and the ALJ's decision and will refer only to the facts necessary to explain its decision.

determination." *Id.* This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to correct legal principles." *Johnson*, 817 F.2d at 986.

## DISCUSSION

### I. ALLEGATIONS

Cruver argues that the ALJ erred in two ways. Docket Item 9-1. He first argues that the ALJ erred in failing to obtain a medical opinion retroactive to the relevant time period and instead basing his Residual Functional Capacity ("RFC") determination on his own lay opinion. *Id.* at 7-10. Cruver next argues that the ALJ erred in failing to do a function-by-function assessment of Cruver's RFC. *Id.* at 10-12. This Court agrees that the ALJ erred and, because that error was to Cruver's prejudice, remands the matter to the Commissioner for development of the record and proper consideration of Cruver's RFC.

## II.     ANALYSIS

"Although the RFC determination is an issue reserved for the commissioner, an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings." *Thomas v. Comm'r of Soc. Sec.*, 2019 WL 2295400, at *2 (W.D.N.Y. May 30, 2019) (quoting *House v. Astrue*, 2013 WL 422058, at *4 (N.D.N.Y. Feb. 1, 2013)).  Thus, "where the transcript contains only diagnostic evidence and no [supporting] opinion from a medical source about functional limitations . . . , the ALJ [generally] must recontact [a treating physician], order a consultative examination, or have a medical expert testify at the hearing."  *Skupien v. Colvin*, 2014 WL 3533425, at *6 (W.D.N.Y. July 16, 2014) (quoting *Deskin v. Comm'r of Soc. Sec.*, 605 F.Supp.2d 908, 913 (N.D. Oh. 2008)); *see also Thomas*, 2019 WL 2295400, at *2 (explaining that "an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence" (quoting *House*, 2013 WL 422058, at *4)).

Here, the ALJ concluded that Cruver had the RFC to

> perform light work[2] . . . except he is prohibited from climbing ladders, ropes, and scaffolds.  He is further limited to occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling.  He would need to avoid slippery and uneven surfaces as well as hazardous machinery, unprotected heights, and open flames.  He also would need to avoid concentrated exposure to excessive noise outside of [a] normal office setting.

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  20 C.F.R. §§ 404.1567(b); 416.967(b).

Docket Item 6 at 63 (footnote added).  But the ALJ did not rely on any medical opinions in determining Cruver's RFC.  *See id.* at 63-65.[3]  And for that reason, the ALJ necessarily relied only on his own lay judgment.  *See Sherry v. Berryhill*, 2019 WL 441597, at *5 (W.D.N.Y. Feb. 5, 2019) ("The Court cannot conclude that there was substantial evidence to support the ALJ's RFC determination that plaintiff was capable of light work with restrictions and is left without a clear indication of how the ALJ reached the RFC determination without resorting to impermissible interpretation of raw medical data.").

For example, it is not at all clear how the ALJ was able to determine from the bare medical data that despite Cruver's severe degenerative lumbar disc disease, degenerative left-ankle joint disorder, and osteoarthritis, *see* Docket Item 6 at 60, he would be able to perform "light work," which generally requires "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour work day" or "sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls," SSR 83-10, 1983 WL 31251, at *5-6 (Jan. 1 1983).  It is likewise unclear how the ALJ determined that Cruver could "occasionally climb[ ] . . . ramps and stairs, balanc[e], stoop[ ], kneel[ ], crouch[ ], and crawl[ ]" notwithstanding his severe spine and ankle impairments.  *See* Docket Item 6 at 63; *see also Thomas*, 2019 WL 2295400, at *2 (remanding where "[a]ll of the records in the case consist of clinical notes that have no medical source

---

[3] There were two medical opinions in the record from consultative examiners. *See* Docket Item 6 at 342-46 (opinion of Janine Ippolito, Psy. D., dated April 23, 2015); *id.* at 347-50 (opinion of Michael Rosenberg, M.D., dated April 23, 2015).  But as Cruver observes, neither of these opinions addresses his functionality during the period of disability.  *See* Docket Item 9-1 at 7.  What is more, the ALJ did not mention—let alone analyze—either opinion in his decision.

statements and no other assessments of plaintiff's exertional and non-exertional abilities," yet "the Commissioner crafted a very specific RFC that included references to ladders, ropes, and scaffolds").

Moreover, "where there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history 'even when the claimant is represented by counsel.'"  *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (quoting *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996)).  Here, there were indeed such deficiencies, and the ALJ therefore was obligated to develop the record regarding Cruver's functional capacity during the period of disability.  *See Sobolewski v. Apfel,* 985 F. Supp. 300, 314 (E.D.N.Y. 1997) ("The record's virtual absence of medical evidence pertinent to the issue of plaintiff's RFC reflects the Commissioner's failure to develop the record, despite his obligation to develop a complete medical history.").  For example, the ALJ could have solicited an opinion from one or more of Cruver's treating physicians; obtained an opinion from a consultative examiner pertaining to the period of disability, *see supra* note 3; or both.

"[T]he absence of a properly grounded RFC constitutes legal error that requires remand regardless of any underlying raw data."  *Thomas*, 2019 WL 2295400, at *2.  Here, the ALJ's failure to obtain a medical opinion regarding Cruver's functional capacity constituted just such an error.  *See Perkins v. Berryhill*, 2018 WL 3372964, at *4 (W.D.N.Y. July 11, 2018)) ("Without reliance on a medical source's opinion or a function-by-function assessment connecting the medical evidence to the RFC, the ALJ's decision leaves the Court with many unanswered questions and does not afford an adequate basis for meaningful judicial review.").  This Court therefore remands this case

so that the ALJ may solicit a medical opinion regarding Cruver's functional capacity during the period of disability and otherwise address the deficiencies noted above.[4]

## **CONCLUSION**

The Commissioner's motion for judgment on the pleadings, Docket Item 13, is DENIED, and Cruver's motion for judgment on the pleadings, 9, is GRANTED in part and DENIED in part. The decision of the Commissioner is VACATED, and the matter is REMANDED for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated:   August 3, 2020
         Buffalo, New York

 */s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

---

[4] The Court "will not reach the remaining issues raised by [Cruver] because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *see also Bonet ex rel. T.B. v. Colvin*, No. 1:13-CV-924, 2015 WL 729707, at *7 (N.D.N.Y. Feb. 18, 2015) ("Given the need to apply the proper legal standard, the Court will decline at this time to consider whether substantial evidence exists to support the findings the ALJ made.").